[Cite as *Blakey v. Ohio Dept. of Transp.*, 2010-Ohio-5580.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOLONDA BLAKEY

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-02464-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Yolonda Blakey, filed this action against defendant, Department of Transportation (ODOT), contending that her 2000 Mercury Villager was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 270 in Franklin County. Plaintiff related that her vehicle was damaged "due to potholes on I-670 to 270 interchange." Plaintiff further related that her vehicle subsequently struck a pothole "off the exit ramp for 5th Ave to 71 North" in Columbus. Plaintiff claimed that the damage to her minivan caused by striking the roadway defect(s) necessitated replacing the vehicle's exhaust, wheel bearing, ball joints, arm bushing, and engine mounts. Plaintiff filed this complaint requesting damages in the amount of $741.85, the cost of replacement parts and related repair expenses. Plaintiff submitted a bill for automotive repair bearing the date January 14, 2010. In her complaint, plaintiff did not provide a date of the damage incident. Defendant filed an investigation report noting that the damage incident described occurred on January 5, 2010. The filing fee was paid.

Case No. 2006-03532-AD        - 2 -        MEMORANDUM DECISION

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant explained that telephone contact was made with plaintiff to ascertain the date and a more specific location of her property damage occurrence. Defendant advised from information provided by plaintiff the date of the incident was January 5, 2010 and the location was determined to "be at approximately milepost 32.92 on I-270 in Franklin County." Defendant noted that ODOT records show no reports of a pothole at the location indicated prior to plaintiff's damage event despite the fact "[t]his section of roadway had an average daily traffic county between 143,620 and 158,770 vehicles." Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant contended that plaintiff failed to produce any evidence to establish the length of time the pothole at milepost 32.92 on Interstate 270 existed prior to her January 5, 2010 damage occurrence.

**{¶ 3}** Furthermore, defendant contended that plaintiff failed to offer evidence to prove ODOT negligently maintained the roadway. Defendant asserted that plaintiff has not shown her property damage was attributable to conduct on the part of ODOT

personnel.  Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month."  Apparently, no potholes were discovered at milepost 32.92 on Interstate 270 the last time that particular section of roadway was inspected prior to January 5, 2010.  The claim file is devoid of any inspection record.  Defendant did submit a copy of the "Maintenance History" for Interstate 270 in Franklin County covering the dates from July 1, 2009 to January 5, 2010.  This record shows that ODOT crews patched potholes in the area including milepost 32.92 on August 19, 2009, August 20, 2009, October 14, 2009, and November 10, 2009.  No repair activity occurred in the area after the patching operation performed on November 10, 2009.  Defendant stated, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4}  For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such

Case No. 2006-03532-AD          - 4 -          MEMORANDUM DECISION

burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

YOLONDA BLAKEY

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-02464-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Yolonda Blakey                          Jolene M. Molitoris, Director
2877 Bretton Woods Drive                Department of Transportation
Columbus, Ohio  43231                   1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
6/16
Filed 7/21/10

Case No. 2006-03532-AD                - 8 -              MEMORANDUM DECISION

Sent to S.C. reporter 11/15/10